JOHN STUART DeMOTT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
DeMott v. Commissioner
Docket No. 22775-92
United States Tax Court
T.C. Memo 1994-317; 1994 Tax Ct. Memo LEXIS 325; 68 T.C.M. (CCH) 56; July 12, 1994, Filed *325 Decision will be entered for respondent. John Stuart DeMott, pro se. For respondent: Lisa Bernardini. COHEN
COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined a deficiency of $ 13,782 in petitioner's Federal income tax for 1988. The sole issue remaining for decision is whether petitioner is entitled to relief as an innocent spouse under section 6013(e). Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue. FINDINGS OF FACT Many of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. At the time the petition was filed, petitioner resided in Alexandria, Virginia. Petitioner was married to Elizabeth Russell DeMott (Mrs. DeMott) from November 29, 1986, to September 10, 1990. Petitioner has a bachelor's degree from the University of Michigan and a master's degree from the Columbia University School of Journalism. During 1988, petitioner and Mrs. DeMott worked as journalists. Mrs. DeMott managed a newsletter business that published "Congressional Report on Communications", and petitioner was aware that Mrs. DeMott operated this *326 newsletter business during 1988. In March 1989, Mrs. DeMott, a chronic alcoholic, was in an alcoholic rehabilitation program. With respect to the calculation of their 1988 income taxes, Mrs. DeMott instructed petitioner to "estimate about half what they were in the previous year." Subsequently, Mrs. DeMott left the rehabilitation program and went to Great Britain. Before April 15, 1989, petitioner filed for an extension and paid $ 3,500 to the Internal Revenue Service based on a "guess" of what he and Mrs. DeMott would owe for their 1988 income taxes. Shortly after April 15, 1989, Mrs. DeMott returned to Virginia; however, the couple's relationship had deteriorated, and both petitioner and Mrs. DeMott hired divorce attorneys. Around this time, petitioner moved out of the marital home, and Mrs. DeMott sued petitioner for support. In the summer of 1989, Mrs. DeMott moved to Illinois. While in Illinois, Mrs. DeMott continued to have alcohol-related problems. During this time, Mrs. DeMott's lawyer was unable to contact her regarding some real estate matters. On October 12, 1989, petitioner filed a joint income tax return for himself and Mrs. DeMott. Petitioner reported his and *327 Mrs. DeMott's income and deductions from their journalism-related activities on separate Schedule C forms. Petitioner was unable to obtain information from Mrs. DeMott with respect to her publishing activity, so he estimated her income and expenses based on the instructions that she gave to him over the telephone in March 1989. Petitioner filed a Schedule C for Mrs. DeMott's publishing business that indicated that Mrs. DeMott received $ 6,000 of gross income and incurred expenses of $ 11,848, resulting in a loss of $ 5,848. Petitioner filed the 1988 income tax return on a "married filing joint return" status because he wanted to offset Mrs. DeMott's loss against his income. Petitioner calculated that he would save about $ 7,000 by filing a joint return instead of filing on a "married filing separate return" status. Petitioner and Mrs. DeMott were divorced in September 1990. Petitioner did not raise the 1988 income tax issue in any of the divorce hearings because he did not anticipate any controversies arising from the 1988 return. On September 10, 1992, respondent sent a notice of deficiency to petitioner that increased Mrs. DeMott's Schedule C gross receipts by $ 24,272 and *328 disallowed $ 7,331 of Mrs. DeMott's Schedule C expenses. Respondent calculated the increase in gross receipts based on deposits made into the newsletter's checking account. Petitioner sent a copy of the notice of deficiency to Mrs. DeMott, but she returned it to petitioner unopened. OPINION In general, when a husband and wife file a joint Federal income tax return, they are jointly and severally liable for the tax due. Sec. 6013(d)(3). To alleviate some of the harsh results of this rule, Congress enacted special provisions to relieve a spouse from such liability, but only if such spouse satisfies certain conditions. Sec. 6013(e). Petitioner contends that he should be relieved of joint and several liability for the deficiency as an "innocent spouse" under section 6013(e). To qualify for section 6013(e) relief, a spouse must show that: (1) A joint return was filed for the year in issue; (2) the return contains a substantial understatement of tax; (3) such understatement is attributable to grossly erroneous items of the other spouse; (4) in signing the return, the spouse did not know, and had no reason to know, that the return contained a substantial understatement of tax; and *329 (5) when considering all the facts and circumstances, it would be inequitable to hold the spouse liable for the deficiency in tax attributable to the substantial understatement. Sec. 6013(e); , affd. . Failure to meet any one of the statutory requirements will prevent petitioner from qualifying for relief under section 6013(e). , affg. . Respondent concedes that petitioner filed a joint return, that there was a substantial understatement as a result of this return, and that the omission of income from the return was grossly erroneous. However, respondent contends that petitioner does not satisfy the other requirements of section 6013(e). Respondent contends that the deductions relating to Mrs. DeMott were not grossly erroneous. The claim of a deduction is considered to be a "grossly erroneous item" only if it lacks a "basis in fact or law". Sec. 6013(e)(2)(B). Although there is no statutory definition, the *330 phrase "no basis in fact or law" has been construed as an item that is frivolous, fraudulent, or phony. . With respect to the amounts deducted for Mrs. DeMott's business, petitioner testified that such amounts were based on "a fairly good educated guess, and I still think it's probably about right." Petitioner's testimony indicates that the deductions were not frivolous, fraudulent, or phony. Respondent also contends that, when petitioner signed the return, he knew, or had reason to know, that the return contained a substantial understatement. Generally, a taxpayer has knowledge of a substantial understatement of tax if he or she has knowledge of the transaction that gave rise to the substantial understatement. Purcell v. Commissioner, 826 F.2d at 474; . We hold spouses to this standard, irrespective of whether the substantial understatement is due to an omission of income or to a claim of deduction. , affd. *331 on other grounds . Here, the substantial understatement resulted from Mrs. DeMott's business activity, and petitioner was familiar with Mrs. DeMott's business activity when he signed the 1988 income tax return. Petitioner has not demonstrated that he did not know, or have reason to know, that the return contained a substantial understatement. Respondent further contends that it would be inequitable to award petitioner innocent spouse relief because he benefited from filing a joint return with Mrs. DeMott by using her losses to offset his income. The Court of Appeals for the Fourth Circuit has held that the benefit that the spouse obtains as a result of the understatement of income on a joint return is a factor to be considered in determining whether joint and several liability would be inequitable. , affg. . The type of "benefit" that is relevant here is not limited to consumption of Mrs. DeMott's income by petitioner. , *332 affg. . Even though petitioner knew that the income and deductions relating to Mrs. DeMott's business activity were estimates, petitioner chose to file a joint return in order to deduct what he thought were losses from Mrs. DeMott's business activity, thereby saving about $ 7,000. Petitioner has not demonstrated that it would be inequitable to hold him liable for the resulting deficiency. Accordingly, petitioner is not entitled to relief as an innocent spouse under section 6013(e). Decision will be entered for respondent.